UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NATIONAL WHOLESALE COMPANY, INC. | ) ) | Case No. 24-50444 Chapter 7 |
| | ) | |
| Debtors. | ) ) | |

## MOTION BY TRUSTEE TO COMPROMISE AND SETTLE CLAIM

Daniel C. Bruton, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of National Wholesale Company, Inc., hereby moves the Court pursuant to F.R.B.P. Rule 9019 to approve and authorize Trustee to compromise and settle a claim in the above-referenced Chapter 7 case, and in support thereof, shows the Court as follows:

1.  The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on June 10, 2024. Daniel C. Bruton is the duly appointed Chapter 7 trustee.

2.  Prepetition, the Debtor was in the business of selling woman's clothing via catalogue and on-line sales.

3.  Included in property of the Debtors' bankruptcy estate is a Promissory Note executed by the Lynda Smith Swann Irrevocable Trust U/A Dated February 23, 1994 (the "Trust") on May 9, 2012 to the order of the Debtor in the original principal amount of $365,187.90 (the "Promissory Note"). A true and accurate copy of the Promissory Note is attached hereto as **Exhibit A** and incorporated herein by reference.

4.  Pursuant to its terms, the principal balance owed under the Promissory Note accrues interest at the rate of 2.89% per annum. There are no periodic principal or interest payments under the Promissory Note. The Promissory Note matures and all principal and interest thereunder is payable upon the death of Lynda Smith Swann, the former president of the Debtor. Upon information and belief, Ms. Swann is 77 years old.

5.  The current payoff on the Promissory Note is approximately $519,000.

6.  The Trust, the obligor under the Promissory Note, has offered to pay and satisfy the Promissory Note via the payment of to the bankruptcy estate of the amount of $175,000.

7.  The one variable that most greatly affects the present value of the Promissory Note is the unknown maturity date of the Promissory Note inasmuch as it is

unknown how long Lynda Swann might live. If Ms. Swann were to die in the next few months, then satisfying the Promissory Note at a price of $175,000 will prove to be a relatively profitable investment. Conversely, if Ms. Swann lives to the age of 100, then the proposed payoff of the Promissory Note at the price of $175,000 would prove to be a far less profitable investment for the Trust, especially given the relatively low interest rate under the Promissory Note in comparison with prevailing market interest rates. In addition, there are no periodic payments of principal or interest due under the Note, meaning that it could be a long time before the Trust were to realize any return on its investment.

8. The Promissory Note is secured by a life insurance policy with John Hancock Life Insurance Company, insuring the life of Ms. Swann. The Trust is the owner of the life insurance policy. The satisfaction of the Promissory Note by the Trust for the price of $175,000 is conditioned upon the Trust being able to borrow against the life insurance policy for the full amount of the satisfaction amount ($175,000), plus the estimated amount to cover the Trust's tax bill related to the cancellation of debt income it will realize upon the satisfaction of the Promissory Note.

9. The Trustee has marketed the Promissory Note to other entities. The $175,000 offer tendered by the Trust is the highest and best offer received by the Trustee.

10. Trustee recommends that the Court approve a settlement and compromise of the aforesaid claim in accordance with the terms set forth above, after notice and a hearing, as provided in Rule 9019 of the Bankruptcy Rules.

WHEREFORE, Trustee prays unto the Court as follows:

1. The Court enter an Order allowing the Trustee to accept a payment of $175,000.00 from the Trust in full and complete satisfaction of the obligations of the Trust under the Promissory Note (subject to the condition precedent that the Trustee be able to obtain a loan against the John Hancock life insurance policy as outlined above); and

2. For such other and further relief as to the Court seems just and proper.

Respectfully submitted, this the 4th day of December, 2024.

Consented To:

Lynda Smith Swann Irrevocable Trust
U/A Dated February 23, 1994

By: /s/ Edward C. Smith, Jr.
    Edward C. Smith, Jr. Trustee

/s/ Daniel C. Bruton
Daniel C. Bruton
Attorney for Chapter 7 Trustee
NC Bar No. 22440

OF COUNSEL:

Bell Davis & Pitt, PA
PO Box 21029
Winston-Salem, NC 27120-1029
Telephone: (336) 749-2990
dbruton@belldavispitt.com

PROMISSORY NOTE

$365,187.90                                              May 9, 2012

FOR VALUE RECEIVED, the LYNDA SMITH SWANN IRREVOCABLE TRUST U/A DATED FEBRUARY 23, 1994 (the "Maker") promises to pay to the order of NATIONAL WHOLESALE COMPANY INC. the principal sum of Three Hundred Sixty-Five Thousand One Hundred Eighty-Seven and 90/100 Dollars ($365,187.90) plus interest from the date hereof at the rate of 2.89% per annum, compounded annually. This Note shall be payable in full, as to both principal and accrued but unpaid interest, on the death of Lynda Smith Swann or, if sooner, upon the termination of the Split-Dollar Life Insurance Agreement between the Maker and the payee dated March 3, 1994, as amended.

This Note may be prepaid in whole or in part without penalty any time, and any prepayment shall be applied first to accrued interest and then to principal.

Upon an event of default, the holder of this Note may declare the entire principal balance and interest immediately due and payable. The following shall constitute an event of default under this Note:

Failure to pay in full any amount then owing under the Note, which failure is not remedied within fifteen (15) days after written notice from the holder of the amount then owing.

This Note represents the current repayment obligation of the Maker under a Split-Dollar Insurance Agreement with payee dated March 3, 1994 as amended May 9, 2012, relating to Sun Life Policy No. 9304147D insuring the life of Lynda Smith Swann.

All parties to this Note, including the Maker and any sureties, endorsers, or guarantors, hereby waive protest, presentment, notice of dishonor and notice of acceleration of maturity. Upon an event of default, the holder of this Note may employ attorneys to enforce the holder's rights and remedies, and the Maker, sureties, endorsers and guarantors agree jointly and severally to pay to the holder reasonable attorneys' fees, plus all other expenses incurred by the holder in exercising any of the holder's rights and remedies upon default.

The rights and remedies of the holder provided in this Note shall be cumulative and may be pursued singly, successively or together. The failure to exercise any right or remedy shall not be a waiver or release of any such rights or remedies or the right to exercise any of them at any other time.



EXHIBIT A

— accrued premiums paid by NW subject to being [paid] when Linda dies

This Note shall be governed by and construed in accordance with the laws of the State of North Carolina.

IN WITNESS WHEREOF, the Maker has executed this Note by its Trustee.

LYNDA SMITH SWANN IRREVOCABLE TRUST U/A
DATED FEBRUARY 23, 1994

BY: _____
Edward C. Smith, Jr., Trustee

2

## CERTIFICATE OF SERVICE

I hereby certify that the attached **MOTION BY TRUSTEE TO COMPROMISE AND SETTLE CLAIM** was served upon the following parties via first-class mail or by this Court's CM/ECF filing service as follows:

Via CM/ECF

J. Michael Fields     ejmf@wardandsmith.com
Attorney for C & E Enterprises, LLC

Samantha K. Brumbaugh     skb@iveymcclellan.com
Attorney for Debtor

J.P. Cournoyer  (bancm_ecf@ncmba.uscourts.gov)
US Bankruptcy Administrator

This the 4th day of December, 2024.

/s/ Daniel C. Bruton
Daniel C. Bruton, Trustee