

**SO ORDERED.**

**SIGNED this 10th day of January, 2025.**

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NATIONAL WHOLESALE COMPANY, INC. | ) ) ) | Case No. 24-50444 Chapter 7 |
| | ) | |
| Debtor. | ) ) | |

## ORDER GRANTING MOTION BY TRUSTEE TO COMPROMISE AND SETTLE CLAIM

THIS MATTER came before the Court on January 8, 2025 to consider the Motion by Trustee to Compromise and Settle Claim [DOC# 133] (the "Motion"), filed by Daniel C. Bruton, Chapter 7 Trustee (the "Trustee") on December 4, 2024.  Appearing at the hearing on the Motion were Daniel C. Bruton, as Chapter 7 Trustee and J.P. Cournoyer for the Office of the United States Bankruptcy Administrator.  Based on the Motion and the entire official file, the Court finds and concludes as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on June 10, 2024.  Daniel C. Bruton is the duly appointed Chapter 7 trustee.

2. Prior to filing Chapter 7 bankruptcy, the Debtor was in the business of selling woman's clothing via catalogue and on-line sales.

3. Included in property of the Debtors' bankruptcy estate is a Promissory Note executed by the Lynda Smith Swann Irrevocable Trust U/A Dated February 23, 1994 (the "Trust") on May 9, 2012 to the order of the Debtor in the original principal amount of $365,187.90 (the "Promissory Note").

4. In the Motion, the Trustee proposes to allow the Trust to satisfy its obligations under the Promissory Note via the payment of $175,000 to the bankruptcy estate.  Although such amount is significantly less than the current payoff amount of the Promissory Note, the present value of the Promissory Note is significantly reduced due to

three factors:  (i) the interest rate under the Promissory Note of 2.89% is substantially lower than prevailing market interest rates; (ii) the Promissory Note does not mature until the death of Lynda Smith Swann, who is presently 77 years-old; and (iii) there are no periodic payments of principal and/or interest under the Promissory Note.

5.      As outlined in the Motion, the Trust's offer to satisfy the Promissory Note in consideration of the payment of $175,000 to the bankruptcy estate is contingent upon the Trust being able to borrow against a John Hancock Life Insurance Company life insurance policy that insures the life of Ms. Swann.  The Trust is the owner of said life insurance policy.  The life insurance policy acts as collateral for the obligations owed by the Trust under the Promissory Note.

6.      Based on the above, the Court finds that the settlement, as proposed in the Motion, is in the best interests of the bankruptcy estate and creditors and should be approved.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Motion is GRANTED;

2.      The Trustee is authorized to accept the amount of $175,000 from the Trust in full satisfaction of the Trust's obligations under the Promissory Note.  As outlined in the Motion, such satisfaction of the Promissory Note by the Trust is conditioned upon the Trust being able to borrow against the John Hancock life insurance policy that secures the Promissory Note the full $175,000 satisfaction amount, plus the estimated amount to cover the Trust's taxes association with the cancellation of debt income the Trust may realize upon the satisfaction of the Promissory Note.

**END OF DOCUMENT**

Parties to be served with Order:

| J. Michael Fields<br>jmf@wardandsmith.com<br>Attorney for C & E Enterprises, LLC | Samantha K. Brumbaugh<br>skb@iveymcclellan.com<br>Attorney for Debtor |
|---|---|
| J.P. Cournoyer<br>bancm_ecf@ncmba.uscourts.gov<br>US Bankruptcy Administrator | |